No arrest for the self-righteous. It's nice to be back. Mr. Hillis. May it please the court, my name is Daniel Hillis. This may sound familiar. I'm with the Federal Public Defender's Office for the Central District of Illinois. I represent Mr. Jines. He raises two issues on appeal. And this time there was a written plea agreement. Indeed. And this written plea agreement waives the right to make the arguments that you are now making. I disagree. No, it's perfectly plain. It waives the right to make any argument other than that the sentence is substantively unreasonable. It doesn't say substantive. And for reasons I do not comprehend, you are insisting, as you insisted in the last case, that you're not making an argument about substantive unreasonableness. I don't understand why, but that is how you characterize your own argument. I said nothing about substantive unreasonableness, nor did the plea agreement in this case say anything about substantive reasonableness. It said about reasonableness. And so the failure to consider a valid mitigating argument would lead to the imposition of an unreasonable sentence in light of the factors that are necessarily required. That's the question, whether the sentence is reasonable. That's a substantive question. Substantive reasonableness and procedural reasonableness are two aspects of the reasonableness consideration. I don't even comprehend what procedural reasonableness might be. Per Gall. It sounds like an oxymoron. I disagree, Your Honor. Per Gall, the ---- Okay. You can disagree with him any time you want. Well, maybe on the losing end of this. I don't have the power of the pen, of course. But Gall says that one of the things that the court must do is properly calculate the sentence. And part of that calculation is the guideline consideration, and the rest is, of course, consideration of the 3553A factors and then justifying the sentence on the record. Here we don't think that the reasonableness of the sentence is reflective or, excuse me, is apparent because of the procedural error that I have indicated. In any event, this case, we hope, will, for the reason I have stated, require a resentencing. And if necessary, those arguments can be made more fully about the cooperation of this individual, Mr. Gines. We don't think the government did much, and we didn't pursue the idea of breach in specific performance. But, of course, if the government did not honor its agreement, did not argue forcefully the cooperation, he would be entitled to assert a breach. We don't think that's necessary in this case because the remand, if there is one, will allow him to argue about the value of the cooperation. We wouldn't have to insist on specific performance by the government, ask for a new judge, all of those things that would be required if the government were to have breached and found to have breached its plea agreement. So I will stand on my second part of my argument, I suppose, or at least the argument as to the supervised release conditions. Although we don't think that the government got behind the argument that it should have and asked for an upward variance, essentially it gave lip service to the language of the plea agreement by offering a within-guideline sentence recommendation, then going on for several pages about why the sentence should be higher. We don't find that to be especially good practice. We wish that it was not done here. But if the case is to be remanded, we will ask about the value of the cooperation, the government to perform its duties under the plea agreement, and for a fair sentence to be imposed. Unless the court has questions, we may ask that the case be remanded for resentencing. Thank you. Thank you, Mr. Hillis. Mr. Kelbley. If it may please the Court, Shane Kelbley for the United States. We talked briefly about the appellate waiver issue, and I think I would rest on our brief on that issue. I think that's been talked about enough. I wanted to talk about two separate issues. First, that the district court did not err in imposing a 96-month sentence that was above the guidelines. Does any of that matter if we remand for reconsideration of a whole package under Thompson? No, I don't think it does. But I would also argue that that was going to come at the end, that this should be remanded for a resentencing on the supervised release terms. And in relation to Thompson, I think the reason – So what do you think the effect of Kappus is on an argument limiting the remand to the supervised release term? Well, I think Kappus obviously did a full remand, but there was a footnote near the end. Yes, indeed. That's what it did. It did, yes, Your Honor. But I believe there was a footnote at the end noting many cases in which this court has remanded for a reformation of just the supervised release conditions. And I think that's appropriate here. Was this a case in which the defense was notified about potential terms of supervised release and they had an argument about these things before the district judge? I do not think it was that case. I don't think so, no. I don't know that the PSR included terms of supervised release and, therefore, whether there was notice. But I do think that using the reasoning – argument, probably not even any opportunity to argue about the relation between how long the defendant spends in prison and how onerous the terms of release are. Yes, Your Honor, but I would say this. In this case, the judge departed upwards from the guidelines. And I think in Thompson, the concern was the interrelation of the supervised release terms and the sentence. If it had to come back and the supervised release terms had to be modified, a judge might decide to upwardly vary the sentence. I think that's very unlikely in this case. It's entirely possible that the judge will decide that if he can't impose the terms of supervised release he wanted, Mr. Gines is going to get an even longer sentence than he did before. That is possible, Your Honor. And I assume he's accepting that risk. Yes, Your Honor. Well, I don't think I need to address the mitigation argument. And it seems that we're focusing on the appellate argument. So I guess if there are no further questions, the government would rest on its brief. Mr. Hillis, anything further? Briefly. Notice would be one issue. Appropriate findings would be another. And there were no appropriate findings as to any of the conditions of supervised release. The judge can impose any of the conditions that he wishes to. He has broad authority to do so under 3583D1 through 3, so long as those findings are made and appropriate justification in the record to support those conclusions in the imposition of those conditions. So there's nothing to limit the district court's authority. Rather, it's something that the district court must justify, and that wasn't done here. And so we don't think the sentence should go any higher than it would. I think it would unnecessarily interject a variable about vindictive sentencing and impose those sorts of problems here. Those should best be avoided. Sentence is long enough. The conditions are onerous enough. If they wish to be imposed in the same fashion, so long as justifications are given, the judge has imposed an appropriate sentence. But that hasn't happened here, and so we ask for a remand. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess. Thank you.